Steven M. Kaplan (SK 6909)
KAPLAN & LEVENSON P.C.
Attorneys for Defendant Mordechai Haninovich
630 Third Avenue
New York, New York
(212) 983-6900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DATABIT, INC.,

                    Plaintiff,              Case No. _____

           -against-              **NOTICE OF REMOVAL**

MORDECHAI HANINOVICH,
OSI KAMINER, JOHN DOE #1,
JOHN DOE #2, AND JOHN DOE #3,

                    Defendants.
-----------------------------------------------------------------x

Judge Cedarbaum
08 CV 1229
FEB 06 2008
U.S.D.C. S.D.N.Y.
CASHIERS

       Petitioner MORDECHAI HANINOVICH ("Petitioner"), a defendant in the above-captioned action, states:

       1.     Petitioner hereby exercises his right pursuant to 28 U.S.C. §1441 *et seq.* to remove this action from the Supreme Court of the State of New York, County of New York, the court in which plaintiff originally commenced this action and where it is pending under the same title and designated by Index Number 600338/08.

       2.     The District Courts of the United States have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, because the parties to this action are citizens of different states and the action involves a claim in excess of $75,000 (exclusive of attorney's fees and interest). Specifically, upon information, plaintiff is a Delaware corporation with its principal

place of business in Mahwah, New Jersey (See Exhibit A attached hereto). Petitioner is a foreign national who is a citizen of the State of Israel, currently residing in New York County, NY.

3. This action may be removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1441(a) because said District embraces the place where this action is pending.

4. This action was commenced by the filing of a Summons and complaint on or about February 5, 2008. Petitioner first received a copy of this initial pleading today by obtaining a copy directly from the New York County Supreme Court Clerk's office.

5. In accordance with the requirements of 28 U.S.C. §1446(b), this Notice of Removal is filed within 30 days after the service and/or receipt of a copy of the initial pleading upon Petitioner.

6. Petitioner is the only defendant in this action who has obtained a copy of the initial pleading. No defendant has yet been served with process.

7. Pursuant to the provisions of 28 U.S.C. §1446(a) Petitioner annexes to this Notice of Removal as Exhibit B a copy of the summons and complaint. No other process, pleadings, or orders have been served upon Petitioner in this action; although Petitioner understands that in violation of §202.70(g)(20) of the New York Uniform Rules of Trial Courts, plaintiff presented an *ex parte* application for a preliminary injunction and temporary restraining to Justice Cahn of the Supreme Court of New York and that said application has not yet been executed or served upon any defendant. Petitioner's time within which to respond to the Summons and complaint has not expired. Petitioner has not yet responded to the Summons and Complaint or the *ex parte* application filed by plaintiff. No other proceedings have been had in this action.

8.  Written notice of the filing of this Notice of Removal will be given to adverse parties as required by law.

9.  A true copy of this Notice of Removal with notice of its filing in this Court will be filed with the clerk of the Supreme Court of the State of New York, County of New York, as provided by law.

WHEREFORE, Petitioner requests removal of this action to this Court and that this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: New York, NY
       February 6, 2008

                                      KAPLAN & LEVENSON P.C.
                                      Attorneys for Petitioner
                                      Mordechai Haninovich
                                      630 Third Avenue
                                      New York, NY 10017
                                      212.983.6900

                                By: _____
                                      Scott A. Ziluck (SZ-4826)

To:    Clerk of the Court
        United States District Court for the
          Southern District of New York

        Susan Cooper, Esq.
        Law Offices of Paul Savad & Associates
        55 Old Turnpike Road – Suite 209
        Nanuet, NY 10954
        Also served via e-mail to: paul@savadlaw.com

# EXHIBIT A

 

# State of Delaware
### The Official Website for the First State

Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware :          Citizen Services | Business Services | Visitor Info.

Department of State: Division of Corporations

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions   View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 2297688 | Incorporation Date / Formation Date: | 05/14/1992 (mm/dd/yyyy) |
| Entity Name: | DATABIT INC. | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |

REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | THE PRENTICE-HALL CORPORATION SYSTEM, INC. | | |
| Address: | 2711 CENTERVILLE ROAD SUITE 400 | | |
| City: | WILMINGTON | County: | NEW CASTLE |
| State: | DE | Postal Code: | 19808 |
| Phone: | (302)636-5400 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information [Submit]

[Back to Entity Search]

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware.gov



**DataBit**

NJ: 201-529-8050 | NY: 212-971-0282 | CA: 323-634-9357

**Solutions for all Your I.T. Needs. Hardware. Software. Services.**

About us | Catalog | Contact



 



The **KEY** to your **Business Computing needs.**



Databit is a privately held, value added reseller offering a comprehensive range of hardware and software integration, design implementation and maintenance. We sell and service personal computer-based computer hardware, software, data storage, client/server and networking solutions.



We are an authorized direct seller, value-added-reseller and service provider for equipment and software from companies such as

- Hewlett-Packard
- IBM
- Dell
- Apple
- NEC
- 3COM
- Cisco
- Microsoft
- Oracle
- Citrix
- Symantec
- Toshiba
- Palm
- Symbol



We offer our customers a full range of system integration including design implementation, hardware and software selection, and installation of local and wide area networks among many other services.

Over the years, DataBit has built a solid reputation for dependability and integrity by supplying our customers with professional service. Our company employs highly qualified professionals who work very closely with the customer, establishing a partnership, which is so critical in the ever fast moving technology world. DataBit has an impressive portfolio of clients in a number of key industries such as legal, insurance and health care.

DataBit is headquartered in Mahwah New Jersey and employs 25 sales people operating out of New York, New Jersey, and California.

About Us | Catalog | Contact | Sales | Impementation | Support | Wireless Technologies

Copyright © 2006, Databit, Inc. All rights reserved.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
DATABIT INC.,

                            Plaintiff,

- against -

MORDECHAI HANINOVICH, OSI KAMINER,
JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3,

                            Defendants.

------------------------------------------------------------x

Index No.

08600338

**SUMMONS**

FILED
FEB 05 2008
NEW YORK
COUNTY CLERK

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Nanuet, New York
         February 1, 2008

                                  PAUL SAVAD, ESQ.
                                  Paul Savad and Associates
                                  Attorneys for the Plaintiff
                                  55 Old Turnpike Road, Suite 209
                                  Nanuet, New York 10954
                                  (845) 624-3620

Defendants' Addresses:

Mordechai ("Modi") Haninovich                Osi Kaminer
514 West End Ave.
New York, New York 10024                        New York, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x

DATABIT INC.,

                           Plaintiff,

- against -

MORDECHAI HANINOVICH, OSI KAMINER,
JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3,

                           Defendants.

---------------------------------------------------------------x

Index No.

**VERIFIED COMPLAINT**

      Plaintiff, DATABIT, INC., by its attorneys, Paul Savad and Associates, complaining of the defendants, alleges as follows:

      1.    At all times pertinent herein, plaintiff, DataBit Inc. ("DataBit"), was and is a foreign corporation duly authorized to do business in the State of New York, with offices at 350 Fifth Avenue, New York, NY 10118.

      2.    Upon information and belief, at all times pertinent herein, Defendant Mordechai (Modi) Haninovich ("Haninovich") was and is a resident of the County of New York, State of New York.

      3.    At all times pertinent herein, Defendant Osi Kaminer ("Kaminer"), was and is a resident of the County of New York, State of New York.

      4.    Defendants John Doe, numbers 1, 2 and 3, are intended to be those entities and/or individuals, currently unknown to plaintiff, with whom Haninovich intends to provide to DataBit's customers those computer services now provided by DataBit.

1

5. DataBit is a Value Added Reseller (VAR) of computer systems, equipment and services to medium and large sized businesses.

6. In or about March of 2006, Shlomie Morgenstern ("Morgenstern") purchased DataBit, which was formerly a wholly owned subsidiary of Data Systems & Software, Inc. ("Data Systems"), which was a publicly traded company founded by Morgenstern's father, who served as its president and CEO.

7. Morgenstern is the president and sole shareholder of DataBit.

8. Sometime in 1992, Haninovich was hired by DataBit as an account representative handling sales in the continental United States.

9. Haninovich did not bring any clients into DataBit when he was hired, and began by servicing previously-existing accounts of DataBit while working to develop new accounts for DataBit.

10. For reasons unknown to anyone at DataBit today, Haninovich has been carried on the books of DataBit as a 1099 independent contractor since he was first hired. Haninovich is the only one in the company classified as a 1099 contractor.

11. Upon information and belief, Haninovich's status as a 1099 contractor was based on his U.S. immigration status as an Israeli citizen without a green card.

12. DataBit paid for an attorney for many years to help Haninovich obtain a green card and/or citizenship.

13. At all times pertinent, Haninovich was acting as an agent of and on behalf of DataBit pursuant to an oral agreement, which was followed for many years, with DataBit paying all of Haninovich's business expenses, plus base compensation,

2

commissions, medical benefits, car and cell phone costs, and an expense account, in return for which Haninovich developed and serviced customers of DataBit.

14. In or about the end of 1994 or the beginning of 1995, Haninovich brought Montefiore Medical Center to DataBit, which contracted with Montefiore to provide computer consultation services, computer equipment and technical support.

15. In order to develop and service Montefiore's account, DataBit has at all times provided all of the necessary capital, technical support, ordering services, shipping services, accounting services, legal services, paid all expenses, and eventually provided a full-time employee dedicated solely to the Montefiore account under Haninovich's direction.

16. DataBit has provided computer services for Montefiore continuously for 13 years, initially under written contract, and for many years thereafter and to date pursuant to a continuing agreement whereby DataBit has provided Montefiore with most of its computer consulting, purchasing, installation and maintenance needs, as and when requested by Montefiore, and has paid Haninovich to service the account and to be on-site at an office in Montefiore multiple days per week to oversee the continuous operation of a system that has grown to over 5,000 computer stations.

17. In 2007, Montefiore's account constituted 60% of DataBit's revenues.

18. Although neither DataBit nor Montefiore was obliged to continue this business relationship for any stated period of time, it has continued uninterrupted for 13 years without competition from any other provider, and without any indication that the arrangement would change, and with the historical understanding that DataBit's services to Montefiore could not be abruptly terminated without damage to

3

Montefiore's operations and without breaching an implied covenant of good faith and fair dealing.

19. Upon information and belief, a transition period of six months is required to transfer responsibilities to service this account to another provider without disruption of Montefiore's and DataBit's operations, which expectation was relied upon by both parties.

20. On or about December 27, 2008, DataBit's CFO sent an email to Haninovich explaining that DataBit's accountants were questioning Haninovich's status as a 1099 employee, and notified Haninovich that due to stricter IRS requirements, he could no longer be considered a self-employed 1099 contractor, and was requested to sign the necessary employee forms.

21. Haninovich responded that his 1099 status was not his option and that he was forced into it. Nonetheless, he did not sign the employee forms.

22. On January 25, 2008, Haninovich resigned from DataBit without notice, effective immediately, knowing that DataBit's president, Shlomie Morgenstern, would be out of the country until January 30, 2008.

23. Upon information and belief, for a period of time prior to resigning, Haninovich was making arrangements to service the Montefiore account with another entity and/or individuals who provide services similar to those provided by DataBit, and obtained legal services to further these arrangements.

24. Prior to Haninovich's resignation, he failed to properly service the Montefiore account, leading to a written complaint by Montefiore to DataBit on January 29, 2008, complaining that outstanding orders had not been filled for weeks.

4

25. On January 28, 2008, after Montefiore learned from Haninovich that he was no longer working for DataBit, Montefiore sent an email to Kaminer, a DataBit employee assigned as Haninovich's full-time assistant for the Montefiore account, and demanded that DataBit's president, Shlomie Morgenstern, contact them that very day to explain how DataBit intended to meet Montefiore's needs without a break in computer supplies and services. Neither Haninovich nor Kaminer forwarded Montefiore's email to Shlomie Morgenstern for 24 hours, when they knew that Morgenstern would have already boarded a 12-hour flight from Israel to New York.

26. On January 29, 2008, Montefiore sent an angry email to Shlomie Morgenstern for not responding to Montefiore's urgent message the previous day.

27. Kaminer resigned her position with DataBit on February 1, 2008. Upon information and belief, she conspired with Haninovich to sabotage DataBit's relationship with Montefiore, and to divert Montefiore's business to the defendants for the benefit of the defendants.

28. On the night of January 29, 2008, Morgenstern arrived back in the United States and met the next morning with lawyers to commence legal action to prevent Haninovich from misappropriating DataBit's trade secrets and proprietary information, taking unfair advantage of the knowledge he had acquired at DataBit's expense while working for DataBit, which knowledge is essential to service the Montefiore account without interruption, and which knowledge could not be timely obtained by a competitor without fraud or misappropriation of DataBit's proprietary trade secrets.

5

29. The proprietary trade secrets that Haninovich and Kaminer threaten to misappropriate include DataBit's suppliers and costs, DataBit's profit margin, and extensive exclusive knowledge of all of Montefiore's computer needs, including the status of 5,000 computer stations and systems, what specific equipment requires upgrade or replacement, and well-developed relationships with the key personnel at Montefiore required to timely accomplish all purchases and services required by Montefiore.

30. Haninovich did not return his computer to DataBit until February 1, 2008, after demanded by DataBit's attorneys, and, upon information and belief, has retained copies of account information needed to continue to service Montefiore's account.

31. DataBit has retained Montefiore as a client for 13 years by carefully guarding its trade secrets, which are unknown to its competitors and unknown by Montefiore and/or protected by Montefiore in its own best interests.

32. If the defendants are not restrained from misappropriating this proprietary information, DataBit will suffer millions of dollars of losses, some of which can be calculated based on past performance and some of which are incapable of calculation, since it is impossible to know what business DataBit might have acquired by the continued use of Montefiore as a sales tool to attract new accounts, and since it will be impossible to know how long Montefiore would have continued it's long-term virtually exclusive use of DataBit for its computer services in the absence of the wrongful acts of Haninovich, Kaminer and the other defendants.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST HANINOVICH & KAMINER
(Breach of Fiduciary Duty/Loyalty)

33. While acting as agent for DataBit, Haninovich and Kaminer had a fiduciary duty and a duty of loyalty to DataBit not to misappropirate confidential and proprietary information for their own benefit against the interests of DataBit.

34. Haninovich's and Kaminer's conduct in taking advantage of their knowledge of DataBit's confidential trade secrets, including DataBit's profit margin, the clients' specific needs and timetable, as well as their unique relationship with DataBit's clients developed at DataBit's expense, and in positioning themselves to compete with DataBit while still working for DataBit, all constitute a breach of their fiduciary duty and breach of their duty of loyalty to DataBit.

35. By reason of the foregoing, the plaintiff will sustain damages of 10 million dollars.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Unfair Competition & Misappropriation of Proprietary Trade Secrets)

36. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 34 with the same force and effect as if fully set forth herein at length.

37. The defendants are engaging in unfair competition in that they have wrongfully and knowingly misappropriated and are making use of proprietary information, relationships and client good will, acquired while Haninovich and Kaminer were working for DataBit as its agents and on its behalf.

7

38. By reason of the foregoing, the plaintiff will sustain damages of 10 million dollars.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Tortious Interference with Contract and Prospective Economic Advantage)

39. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein at length.

40. The defendants have knowingly and intentionally conspired together to interfere with the agreement and/or prospective economic advantage enjoyed by DataBit with Montefiore for over a decade.

41. The defendants know that there is an existing contractual arrangement between DataBit and Montfiore and/or that DataBit has the prospective economic advantage of continuing to provide computer services to Montefiore.

42. In the absence of the defendants' wrongful conduct, Montefiore would have continued its business relationship with DataBit for an indefinite time, as evidenced by the historical uninterrupted ever-increasing business relationship.

43. By reason of the foregoing, the plaintiff will sustain damages of 10 million dollars.

8

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Accounting)

44.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein at length.

45.  By reason of the foregoing, plaintiff is entitled to an accounting of all expenses and revenue from clients of DataBit for whom the defendants or any of them may provide the same services provided by DataBit.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
(Preliminary & Permanent Injunction)

46.  Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein at length.

47.  The damage that will be caused to DataBit if the defendants proceed to solicit Montefiore's business based on DataBit's proprietary trade secrets is irreparable, in that it arises from a loss of good will and may result in unknown loss of prospective new clients and loss of an unknown number of years of continued business from Montefiore.

48.  By reason of the foregoing, plaintiff is entitled to a preliminary and permanent injunction enjoining the defendants from providing to Montefiore any of the computer services provided by DataBit to Montefiore in 2007.

9

WHEREFORE, plaintiff demands judgment against the defendants as follows:

A. On the First Cause Of Action against Haninovich and Kaminer, damages in the sum of 10 millions dollars;

B. On the Second Cause Of Action against all defendants, damages in the sum of 10 million dollars;

C. On the Third Cause of Action against all defendants, damages in the sum of ten million dollars;

D. On the Fourth Cause of Action against all defendants, an accounting of all expenses and revenues from clients of DataBase;

E. On the Fifth Cause of Action against all defendants, a preliminary and permanent injunction enjoining the defendants from providing to Montefiore any of the computer services provided by DataBit to Montefiore in 2007.

F. Interest on all damages, together with the costs and disbursements of this action and such further relief as the Court deems just and proper.

Dated: Nanuet, New York
February 3, 2008

PAUL SAVAD
PAUL SAVAD & ASSOCIATES
Attorneys for Plaintiff
55 Old Turnpike Rd. Ste. 209
Nanuet, New York 10954
845-624-3820

**VERIFICATION**

STATE OF NEW YORK )
                  ) ss:
COUNTY OF ROCKLAND )

SHLOMIE MORGENSTERN, duly affirms and says: I am President of Plaintiff DATABIT INC., in the action herein. I have read the annexed Verified Complaint and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

I affirm pursuant to my religious beliefs

_____
SHLOMIE MORGENSTERN

Affirmed before me this
3rd day of February, 2008

_____
Notary Public

SUSAN COOPER
Notary Public, State of New York
No. 4989636
Qualified in Rockland County
Commission Expires 12/16/09

ORIGINAL

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
DATABIT INC.,

                                  Plaintiff,

- against -

MORDECHAI HANINOVICH, OSI KAMINER,
JOHN DOE #1, JOHN DOE #2 and JOHN DOE #3,

                                  Defendants.
-----------------------------------------------------------X

SUMMONS AND VERIFIED COMPLAINT

PAUL SAVAD, ESQ.
Paul Savad & Associates
Attorneys for Plaintiff
55 Old Turnpike Rd - Suite 209
Nanuet, New York 10954
(845) 624-3820