Jennifer B. Rubin (JR 3221)
e-mail: jbrubin@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY & POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017
Tel:    (212) 935-3000
Fax:    (212) 983-3115

*Attorneys for Defendants Osi Kaminer and Oded Levy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DATABIT, INC.

                         Plaintiff,

      -against-

MORDECHAI HANINOVICH; OSI KAMINER;
ODED LEVY; ADVANCED SOLUTIONS &
SUPPLY LLC; and JOHN DOE, being and intended
to be an individual or entity using DataBit Inc.'s
proprietary information,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 08 Civ.1229 (MGC)(AJP)

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS ON BEHALF OF DEFENDANTS
## <u>ODED LEVY AND OSNAT KAMINER</u>

Defendants Oded Levy ("Mr. Levy") and Osnat Kaminer "(Ms. Kaminer") submit this Memorandum in support of their Motion to Dismiss plaintiff DataBit, Inc.'s ("Plaintiff") Amended Verified Complaint, dated February 21, 2008 ("Amended Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

DataBit has not alleged a single fact in support of its claims against Mr. Levy and Ms. Kaminer in this action. It instead relies on blunderbuss and conclusory statements that are, as set forth below, wholly insufficient to sustain its causes of action against them. Mr. Levy and Ms. Kaminer have no connection to this dispute and DataBit is well aware of that fact. Plaintiff's Amended Complaint against Mr. Levy and Ms. Kaminer should therefore be dismissed.

## STATEMENT OF FACTS

**Facts Alleged Against Mr. Levy**

Plaintiff claims Mr. Levy engaged in unfair competition and misappropriated DataBit's trade secrets and that he tortiously interfered with its contract and prospective economic advantage (Amended Complaint, Second and Third Causes of Action). As this Court is limited to the four corners of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996), *Zhang v. U.S. Citizenship & Immigration Service*, 05 Civ. 4086, 2005 WL 3046440, at *3 (S.D.N.Y. Nov. 8, 2005), the facts relevant to Mr. Levy's motion as pled in the Complaint, and which this Court will accept as true for purposes of this motion, are as follows:

- Mr. Levy provides services similar to DataBit (Amended Complaint, ¶25);

- Defendant Mordechai Haninovich ("Haninovich") prior to resigning from DataBit began servicing and making arrangements to continue to service the Montefiore Medical Center ("Montefiore") account with other entities and individuals, including Mr. Levy (*Id.*); and

1

- Haninovich diverted business from DataBit to Advanced and/or Mr. Levy (*Id.* ¶33).

None of these "facts" suggest that Mr. Levy engaged in any wrongdoing, let alone tortious conduct. DataBit does not allege that Mr. Levy improperly acquired or used its alleged trade secrets. DataBit does not plead facts suggesting that Mr. Levy intentionally interfered or used wrongful means to interfere with DataBit's relationship with Montefiore. Absent such factual allegations, these claims must be dismissed.

**Facts Alleged Against Ms. Kaminer**

Like its blunderbuss and conclusory claims against Mr. Levy, DataBit has also failed to allege a single fact as to Ms. Kaminer upon which it may predicate liability. DataBit alleges only the following "facts" against Ms. Kaminer:

- On January 28, 2008, after Montefiore learned from Haninovich that he was no longer working for DataBit, Montefiore sent an email to Kaminer, a DataBit employee assigned as Haninovich's full-time assistant for the Montefiore account, and demanded that DataBit's president, Shlomie Morgenstern, contact them that very day to explain how DataBit intended to meet Montefiore's needs without a break in computer supplies and services. Neither Haninovich nor Kaminer forwarded Montefiore's email to Shlomie Morgenstern for 24 hours, when they knew that Morgenstern would have already boarded a 12-hour flight from Israel to New York (Amended Complaint, ¶ 27).

- Kaminer resigned her position with DataBit on February 1, 2008. Upon information and belief, she conspired with Haninovich to sabotage DataBit's relationship with Montefiore, and to divert Montefiore's business to the defendants for the benefit of the defendants (*Id.*, ¶ 29).

- The proprietary trade secrets that Haninovich and Kaminer threaten to misappropriate include DataBit's suppliers and costs, DataBit's profit margin, and extensive exclusive knowledge of all of Montefiore's computer needs, including the status of 10,000 computer stations and systems, what specific equipment requires upgrade or replacement, and well-developed relationships with the key personnel at Montefiore required to timely accomplish all purchases and services required by Montefiore (*Id.*, ¶ 31).

2

- Upon information and belief, Haninovich and Kaminer used DataBit's property, including computers, phones, faxes, emails, employees and technical consultants, to compete with DataBit and divert business from DataBit's clients to themselves (*Id.*, ¶ 40).

Like the "facts" alleged against Mr. Levy, these allegations cannot predicate liability against Ms. Kaminer. The claims against her should be dismissed.

## ARGUMENT

Facts form the core of a party's cause of action, and a party's failure to plead facts sustaining a cause of action will subject a party's claim to dismissal. *Noel v. Cornell University Medical College*, 853 F. Supp. 93, 94 (S.D.N.Y. 1994) (complaint dismissed where plaintiff did not plead any facts to suggest that he was entitled to relief under applicable statutes) (Cedarbaum, J.); *Frank H. Cobb, Inc. v. Cooper Companies, Inc.*, Nos. 89 Civ. 5323 (MGC), 89 Civ. 5892 (MGC), 1992 WL 77600, at *9 (S.D.N.Y. March 23, 1992) (claim dismissed where plaintiff failed to plead facts to support cause of action) (Cedarbaum, J.). It is not just facts that are required: a complaint must state enough details supporting those facts to provide a defendant with fair notice of what kind of misconduct is alleged. Blunderbuss conclusory statements are insufficient to satisfy this standard. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996) (a complaint which consists of conclusory allegations unsupported by factual assertions insufficient).

DataBit's claims against Mr. Levy and Ms. Kaminer are riddled with precisely the sort of defects that render its Amended Complaint subject to dismissal - blunderbuss conclusory legal statements that are intended to dress up Plaintiff's factual suppositions. That approach is intolerable in this Court.

A.    **Plaintiff Fails to Plead Facts to Sustain its Claims
For Breach of Fiduciary Duty Against Ms. Kaminer**

DataBit has failed to state a claim against Ms. Kaminer for breach of fiduciary duty. To
state such a claim under New York law, plaintiff must plead facts showing that (a) a fiduciary
duty exists, (b) the fiduciary duty has been breached; and (c) the breach of fiduciary duty was the
proximate cause of a loss that the plaintiff suffered. *Moscato v. TIE Technologies, Inc.*, 2005
WL 146806, at *6, No. 04 Civ. 2487 (GBD) (January 21, 2005). DataBit makes no such
allegations here as to Ms. Kaminer. All DataBit pleads in this instance is that Ms. Kaminer (a)
did not forward an email for 24 hours (Amended Complaint, ¶ 27); (b) she "conspired" with Mr.
Haninovich to "sabotage" DataBit's relationship with Montefiore (*id.*, ¶ 29); (c) she took
"advantage" of her knowledge of DataBit's confidential trade secrets (*id.* ¶ 39); and (d) she used
DataBit's property to divert business to herself (*id.,* ¶ 40). DataBit does not allege a single
concrete fact -- other than Ms. Kaminer's failure to forward the email -- relating to this cause of
action to support any of the legal conclusions set forth in (b) through (d). Clearly the foregoing
"facts" are insufficient to state a claim that Ms. Kaminer breached any duty to DataBit, let alone
a fiduciary duty. This claim should be dismissed against her.

B.    **Plaintiff Fails to Plead Facts to Sustain its Claims
for Tortious Interference Against Mr. Levy and Ms. Kaminer**

DataBit has not pled a single fact to sustain its claims for tortious interference with
contract and for tortious interference with prospective economic advantage against Mr. Levy and
Ms. Kaminer

A sustainable claim under New York state law for tortious interference with contract
requires that plaintiff plead (1) the existence of a valid contract between the aggrieved party and
a third party; (2) the alleged tortfeasor's knowledge of the contract; (3) the alleged tortfeasor's

4

improper intentional interference with its performance without justification; and (4) damages. *P. Kaufmann, Inc. v. Americraft Fabrics, Inc.*, 232 F. Supp. 2d 220, 224-25 (S.D.N.Y. 2002) (citing *Israel v. Wood Dolson Co.,* 1 N.Y.2d 116, 120, 151 N.Y.S.2d 1, 134 N.E.2d 97 (1956)).

Here, DataBit has failed to allege the existence of a valid contract. *See Scutti Enterprises, LLC v. Park Place Entertainment Corp.*, 322 F.3d 211, 215 (2d Cir. 2003) (dismissing tortious interference with contract claim for failure to allege existence of valid, enforceable contract between plaintiff and third party, a central requirement to such a claim). In fact, DataBit readily admits that it and Montefiore were not obliged to continue their contract, making it terminable at will (Amended Complaint, ¶20). And even if the Court were to assume the existence of a contract – which it should not – DataBit's claim is defective because it failed to allege facts showing that Mr. Levy or Ms. Kaminer intentionally interfered with that contract. DataBit's conclusory statements that Mr. Levy and Ms. Kaminer intentionally interfered with the contract are insufficient. *See De Jesus,* 87 F.3d at 70 (dismissing claims because pleadings may not be conclusory).

An even more difficult claim to state in New York is one for tortious interference with prospective economic advantage. To state such a claim, a party must allege (1) a business relationship with a third party, (2) that defendant knew of that relationship and intentionally interfered with it, (3) that defendant either acted solely out of malice or used wrongful means, and (4) defendant's interference caused injury to the relationship with the third party. *Vinas v. Chubb Corp.*, 499 F. Supp. 2d 427, 434 (S.D.N.Y. 2007) (dismissing tortious interference with prospective economic advantage claim because plaintiff did not properly allege any malice or wrongful means on defendant's part); *see also Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003). "Wrongful means" includes criminal and fraudulent actions, or physical violence, fraud,

5

misrepresentation, civil suits, criminal prosecutions, or unwarranted economic pressure. "Wrongful means" do not, however, include persuasion alone, even if that persuasion is knowingly directed at interference with the contract. *United Magazine Co. v. Murdoch Magazines Distribution, Inc.*, 146 F. Supp. 2d 385, 407-08 (S.D.N.Y. 2001) (granting motion to dismiss tortious interference claim). *See also Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 214-15 (2d Cir. 2002).

DataBit's claim for tortious interference with prospective economic advantage against Mr. Levy and Ms. Kaminer is equally as defective as its claim for tortious interference. DataBit alleges not a single fact to support the conclusion that Mr. Levy or Ms. Kaminer acted out of malice or used wrongful means in interfering with Databit's prospective contractual relations. The failure to plead such facts renders this cause of action defective as a matter of law. As a result, this Court should dismiss the claim for tortious interference with contractual relations against Mr. Levy and Ms. Kaminer.

C.    **Plaintiff Has Failed to Plead Facts Supporting its Claims for Unfair Competition and Misappropriation of Trade Secrets Against Mr. Levy and Ms. Kaminer**

DataBit's claims for unfair competition and misappropriation of proprietary trade secrets suffer from the same factual deficiencies as the other claims and must also be dismissed.

A claim for misappropriation of trade secrets under New York law requires that plaintiff plead facts demonstrating: (1) that it possessed a trade secret, and (2) that the defendant used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. *Boyle v. Stephens, Inc.*, 97 Civ. 1351, 1997 WL 529006, at *4-5 (S.D.N.Y. 1997) (dismissing misappropriation claim). As to the second element, a plaintiff must plead facts demonstrating that the defendant receiving and/or using the trade secret knows or had

reason to know that its receipt of the information breaches the defendant's duty. *Computer Assocs. Intern., Inc. v. Altai, Inc.*, 982 F.2d 693, 718 (2d Cir. 1992).

A claim for unfair competition requires a plaintiff to plead facts demonstrating a bad faith misappropriation of a commercial advantage belonging to another by exploitation of proprietary information or trade secrets. *A.I.B. Express, Inc. v. FedEx Corp.*, 358 F. Supp. 2d 239, 252 (S.D.N.Y. 2004). Unfair competition requires allegations of facts showing acts or omissions by the defendant that proximately caused the misappropriation and "unfairness and unjustifiable attempt to profit from another's expenditure of time, labor, and talent." *Greenblatt v. Prescription Plan Services Corp.*, 783 F. Supp. 814, 825 (S.D.N.Y. 1992) (dismissing unfair competition claim); *see also Commercial Data Servers, Inc. v. International Business Machines Corp.*, 166 F. Supp. 2d 891, 894-95 (S.D.N.Y. 2001) (dismissing unfair competition claim). Allegations of injury alone are insufficient: "instead the damage must have been inflicted 'by some unfair or improper means [as] [t]he essence of the tort is the effort to misappropriate the fruits of another's efforts.'" *Greenblatt.*, 783 F. Supp. at 825 (quoting *Copy-Data v. Toshiba America, Inc.* 582 F. Supp. 231, 234 (S.D.N.Y.1984), *rev'd on other grounds*, 755 F.2d 293 (2d Cir. 1985), *cert denied*, 474 U.S. 825, 106 S.Ct. 80, 88 L.Ed.2d 66 (1985)).

DataBit does not allege a single fact that demonstrates any wrongful actions by Mr. Levy or Ms. Kaminer. Specifically, DataBit makes no attempt to allege facts to show that Mr. Levy or Ms. Kaminer wrongfully used or acquired plaintiff's proprietary trade secret information, or that either defendant was even aware that they received DataBit's alleged trade secrets in breach of duty they owed to it. In fact, DataBit does even allege that Mr. Levy used or acquired its proprietary trade information at any point. Instead, DataBit merely alleges that defendant Haninovich made arrangements to continue the Montefiore account with Advanced and/or Mr.

Levy (Amended Complaint, ¶25), and that Haninovich diverted business from plaintiff to Advanced and/or Mr. Levy (*id.* ¶33). As to Ms. Kaminer, all DataBit asserts is the conclusion -- again with no supporting facts -- that Ms. Kaminer threatened to misappropriate DataBit's trade secrets (*id.* ¶31) and that she took "advantage of" her "knowledge" of DataBit's confidential trade secrets to position herself to compete with DataBit (*id.* ¶39) -- again, without the benefit of any facts to give Ms. Kaminer notice of the claims being asserted against her. These allegations are simply not enough to support claims for unfair competition and misappropriation of trade secrets against Mr. Levy and Ms. Kaminer, and as a result, these claims must also be dismissed.[1]

---

[1] Plaintiff's separate causes of action for an accounting or injunctive relief (Fourth and Fifth Causes of Action) cannot stand as to Mr. Levy and Ms. Kaminer if its underlying causes of action against them are dismissed. *See e.g. In re UFG Intern., Inc.*, 225 B.R. 51 (S.D.N.Y.Bankr. 1998) (no accounting where no showing of trade secret misappropriation); *World Book, Inc. v. I.B.M. Corp.*, 354 F. Supp. 2d 451 (S.D.N.Y. 2005) (without misappropriation claim, accounting remedy cannot stand alone as independent action); *Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924 (S.D.N.Y. 1992) (injunctive relief denied where no misappropriation of trade secrets). In addition, defendants learned on the date this motion was filed that DataBit intends to withdraw its claim for injunctive relief in this action.

## **CONCLUSION**

For the foregoing reasons, plaintiff's Amended Complaint should be dismissed entirely against Mr. Levy and Ms. Kaminer, and the Court should issue such other and further relief as it deems proper.

Dated: March 17, 2008
         New York, New York

MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO, P.C.

By: _____
       Jennifer B. Rubin (JB 3221)
       e-mail: jbrubin@mintz.com
       Chrysler Center
       666 Third Avenue
       New York, NY 10017
       Tel:(212) 935-3000
       Fax:(212) 983-3115

       *Attorneys for Defendants*
       *Osi Kaminer and Oded Levy*