Steven M. Kaplan (SK-6909)
KAPLAN & LEVENSON P.C.
*Attorneys for Defendant Haninovich
And Advanced Solutions & Supply, LLC*
630 Third Avenue
New York, New York 10017
(212) 983-6900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DATABIT, INC.,

                Plaintiff,

    -against-

MORDECHAI HANINOVICH, OSI KAMINER,
ODED LEVY; ADVANCED SOLUTIONS & SUPPLY, LLC;
JOHN DOE #1, et al.,

                Defendants.
------------------------------------------------------------x

**STIPULATED**
**PROTECTIVE ORDER**

Case No. 08 CV 1229 (MGC)(AJP)

WHEREAS, both the plaintiff and the defendants herein recognize that the exchange and/or disclosure of documents, or information in the above-captioned action may involve confidential information (herein referred to as "Confidential Information") and that access to that Confidential Information should be restricted;

WHEREAS, the parties desire to maintain the confidentiality of such Confidential Information and protect it from disclosure other than as expressly permitted by this stipulation; and

WHEREAS, the parties have agreed that Confidential Information shall be given the protection described below;

NOW, THEREFORE, the parties, by their undersigned attorneys of record, hereby stipulate as follows:

{00090423.2 \ 1156-001}

1. Any party may, in good faith, designate any document, material or information, including any transcript of testimony in this action as "Confidential" or "Confidential – Attorneys Eyes Only" subject to the terms of this stipulation. Said designation may be accomplished by (i) providing written notice to the other party; (ii) making a statement to that effect on the record of any proceeding; or (iii) stamping the document, material, or information with the legend "Confidential" or "Confidential – Attorneys Eyes Only". On documents with multiple pages, each page where "Confidential" material appears shall be separately stamped, unless the producing party represents that the entire document is "Confidential" or "Confidential – Attorneys Eyes Only". Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copies and delivered to counsel for the inspecting party shall be marked "Confidential" or "Confidential – Attorneys Eyes Only".

2. All documents, material and information designated as "Confidential" or "Confidential – Attorneys Eyes Only" (including documents, material and information which disclose the content of any document, material or information designated as "Confidential" or "Confidential – Attorneys Eyes Only") shall be used solely for purposes of this action and for no other purpose whatsoever. A person with custody of "Confidential" and "Confidential – Attorneys Eyes Only" documents or information shall maintain it in a manner that assures that access to it is strictly limited to persons entitled to receive said documents or information in accordance with the provisions of this stipulation.

3. The inadvertent production or disclosure of any Confidential document or other information without a "Confidential" or "Confidential – Attorneys Eyes Only" designation shall

be without prejudice to the parties' rights under this stipulation, and the parties shall retain the right thereafter to designate such document, or information as confidential.

4.     Nothing in this Protective Order shall be deemed a waiver of the attorney-client, work product or any other privilege or immunity, or of the right of any party to this action to oppose production of any information or documents as being outside the scope of discovery.

5.     Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the disclosing party promptly notifies the receiving party in writing of such inadvertent production after the disclosing party learns of such inadvertent disclosure. No party shall thereafter assert that such inadvertent production waived any privilege or immunity. Subject to the provisions of paragraphs 16, 18 and 19 of this Stipulation, no use shall be made of such documents during the deposition or at trial, or shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. The receiving party shall return such inadvertently produced item(s) of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request from the disclosing party for the return of such item(s). The receiving party having returned such inadvertently produced item(s) may thereafter, without asserting waiver because of the inadvertent production, seek production of any such item(s) in accordance with applicable law.

6.     Any transcript of deposition or trial testimony yet to be recorded in this action which concerns any document or information designated as "Confidential" or "Confidential – Attorneys Eyes Only" shall be subject to the terms of this stipulation.

7. Documents, material and information designated as "Confidential" shall not be disclosed to any person except:

    (a) the parties hereto including but not limited to in-house attorneys;

    (b) witnesses or potential witnesses at any proceeding in this action, including deponents;

    (c) counsel and their support staff assisting in the preparation of this action;

    (d) court reporters;

    (e) experts retained or formally consulted by the parties, whether or not ultimately called to testify in this action; and

    (f) the Judge.

8. Information designated as "Confidential – Attorneys Eyes Only" shall be disclosed only to attorneys of record for the parties to this action who are not employees of the parties, their authorized secretarial and legal assistant/support staff, the judge and court reporters and to outside experts retained or consulted with by the parties or their attorneys for purposes of this litigation. No documents or information designated "Confidential – Attorneys Eyes Only" shall be disclosed to any party to this action or to any officer, director or employee of any party, except by written stipulation of the parties or by order of the Court.

9. Documents, material and information designated as "Confidential" or "Confidential – Attorneys Eyes Only" shall only be provided to those persons identified above who have been advised that such document or information is being disclosed pursuant to and subject to the terms of this stipulation, and may not be disclosed other than pursuant to the terms hereof. Potential witnesses shall sign an agreement (the form of which is attached hereto as Exhibit A) that "Confidential" and "Confidential – Attorneys Eyes Only" documents and/or

other information provided to him or her will not be disclosed to any other person. Such signed agreements shall be retained by the party disclosing confidential documents or information to such persons and shall be provided to the other party to this agreement on a good faith showing of a reasonable belief that a violation of a term thereof has occurred.

10. The parties hereto agree that if any person not authorized to receive documents, material and information designated as "Confidential" or "Confidential – Attorneys Eyes Only" under the terms of this stipulation is present at any deposition in this action or at a hearing, trial or other court proceeding, that person shall be asked to leave that proceeding for the period of time during which such Confidential Information is the subject of questioning.

11. Any documents, material and information designated as "Confidential" or "Confidential – Attorneys Eyes Only" submitted to the Court (including documents or materials containing information therefrom), shall be labeled "Confidential" or "Confidential – Attorneys Eyes Only" and may either be filed unsealed in redacted form or filed under seal in unredacted form and maintained thereunder by the Clerk of the Court, as appropriate. If a party files confidential documents in redacted form, any other party may file that document under seal in unredacted form.

12. Any document, material or information supplied by a third party may be designated by such third party or by any party to this proceeding as "Confidential" or "Confidential – Attorneys Eyes Only" under the terms of this stipulation, and such designation by any third party shall have the same force and effect as if made by a party.

13. Nothing in the provisions of this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate.

14. Jurisdiction of this action is to be retained by this Court, after final determination, for purposes of enabling any party to this Stipulated Protective Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of the Stipulated Protective Order.

15. The attorneys of record for a party who wishes to disclose documents, material and information designated as "Confidential" or "Confidential – Attorneys Eyes Only" to persons other than those identified in paragraphs 5 and 6 shall notify the attorneys of record for the other party. The attorneys shall confer in good faith in order to identify commercially sensitive materials and discuss whether disclosure can be made. If they cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. The party which designated such documents, material or information as "Confidential" or "Confidential – Attorneys Eyes Only" shall have the burden of proof as to the validity of such designation; that party's burden shall be the same as required in the absence of a protective order. No disclosure of the information to persons other than those identified in paragraph 6 shall be made pending a ruling by the Court.

16. A party shall not be obligated to challenge the propriety of the designation of information as "Confidential" or "Confidential – Attorneys Eyes Only" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it or they shall send or give notice to the other party and to any third party who designated the information as confidential and shall attempt in good faith to resolve any challenge on an expedited and informal basis. Upon receipt of such notice, the party that

designated the documents, material or information as "Confidential" or "Confidential – Attorneys Eyes Only" shall be required to state the basis for such designation in writing to the other party. If the challenge cannot be expeditiously and informally resolved, either party may, on reasonable notice, apply for an appropriate ruling from the Court. The party which designated such documents, material or information as "Confidential" or "Confidential – Attorneys Eyes Only" shall have the burden of proof as to the validity of each such designation; that party's burden shall be the same as required in the absence of a protective order. The documents, material or information at issue shall continue to be treated as "Confidential" or "Confidential – Attorneys Eyes Only" until the Court orders otherwise.

17. At the conclusion of this action, each party shall promptly return to counsel for the producing party, or non-party producing documents or information pursuant to paragraph 9 hereof, all copies and originals of all documents, material or other information designated as "Confidential" or "Confidential – Attorneys Eyes Only" or, at the option of the producing party or non-party, shall destroy such material (by shredding or other form of mutilation) and shall certify under oath in writing that all documents, material and information have been destroyed.

18. Nothing in this stipulation shall preclude the free, unrestricted and non-confidential use of any documents or information in the courtroom at trial, subject to the right of any party to seek confidential treatment by further stipulation or court order. In this regard, the party seeking to use documents, materials and/or information earlier designated as "Confidential" or "Confidential – Attorneys Eyes Only" shall first notify the designating party and the Court that the document, material and/or information was earlier so designated, thereby giving the designating party the right to object to the free, unrestricted and non-confidential disclosure of the same in the courtroom.

19. By entering into this Stipulation, designating documents or information as "Confidential" or "Confidential – Attorney's Eyes Only" hereunder, or by any party not challenging a designation made hereunder by another party, no party shall be deemed to have waived any right, claim, remedy or defense available to it, including without limitation, disputing the claim by any party that any documents and information so designated constitutes a trade secret or other protectable information.

Dated: New York, NY
       March 5, 2008

KAPLAN & LEVENSON P.C.
*Attorneys for Defendant Haninovich*
*And Advanced Solutions & Supply, LLC*
630 Third Avenue
New York, NY 10017
(212) 983-6900

By: _____
    Steven M. Kaplan (SK 6909)

PAUL SAVAD & ASSOCIATES
*Attorneys for Plaintiff*
55 Old Turnpike Road, Suite 209
Nanuet, NY 10954
845-624-3820

By: _____
    ~~Paul Savad (PS~~ ___ )
    Laura M. Feigenbaum (LF2998)

MINTZ LEVIN, LLC
*Attorneys for defendants Kaminer*
 *And Levy*
666 Third Avenue
New York, NY 10017
(212) 692-6766

By: _____
    Jennifer Rubin (JR 3321)

SO ORDERED Subject to modification by the court as the interest of justice may require.

_____
Miriam Goldman Cedarbaum, U.S.D.J.
March 17, 2008

{00090423.2\1156-001}                               8

<u>EXHIBIT "A"</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DATABIT, INC.,

                Plaintiff,

    -against-

MORDECHAI HANINOVICH, OSI KAMINER,
Et al.,

                Defendants.
------------------------------------------------------------x

Case No. 08 CV 1229 (MGC)(AJP)

My address is: _____.

My present employer is: _____.

My present occupation or job description is:_____.

I have received a copy of the Stipulation for the Production and Exchange of Confidential Information and Confidential - Attorney's Eyes Only Information (the "Stipulation") entered in the above-entitled action on _____.

I have carefully read and understand the provisions of the Stipulation.

I will comply with all of the provisions of the Stipulation.

I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information or Confidential - Attorney's Eyes Only Information that is disclosed to me.

I will return all Confidential Information or Confidential - Attorney's Eyes Only Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Confidential - Attorney's Eyes Only Information.

I hereby submit to the jurisdiction of the United Stated District Court for the Southern District of New York for the purpose of enforcement of the Stipulation in this action.

Date:_____      Signature:_____
                                                  Printed Name:_____