Steven M. Kaplan (SK 6909)
Kaplan & Levenson P.C.
*Attorneys for Defendants Haninovich*
 *and Advanced Solutions & Supply, LLC*
630 Third Avenue
New York, NY 10017
212.983.6900

UNITED STATES DISTRICT COURT                               *ECF CASE*
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
DATBIT, INC.,

    Plaintiff,                                    Case No. 08 CV 1229 (MGC)(AJP)

    -against-                                   **AMENDED ANSWER AND**
                                                 **COUNTERCLAIMS**
MORDECHAI HANINOVICH, OSI KAMINER,           **OF HANINOVICH AND**
ODED LEVY, ADVANCED SOLUTIONS &              **ADVANCED SOLUTIONS &**
SUPPLY, LLC and JOHN DOE,                    **SUPPLY, LLC**

    Defendants.
------------------------------------------------------------------

    Defendants, Mordechai Haninovich ("Haninovich") and Advanced Solutions & Supply, LLC ("Advanced") amend their initial answer and counterclaims and respond as follows to the amended complaint and further state as follows in support of their counterclaims:

    1.    Deny having information or knowledge sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 and, on that basis, deny same; except admit that plaintiff Datbit, Inc. ("Databit") is a Delaware corporation with its principal place of business in Mahwah New Jersey.

    2.    Admit the allegations contained in paragraph 2.

    3.    Admit the allegations contained in paragraph 3.

    4.    Admit the allegations contained in paragraph 4.

    5.    Admit the allegations contained in paragraph 5.

- 2 -

6. Deny the allegations contained in paragraph 6.

7. Admit the allegations contained in paragraph 7.

8. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 and, on that basis, deny same.

9. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 and, on that basis, deny same.

10. Deny the allegations contained in paragraph 10, except admit that Databit engaged the services of Haninovich as an independent contractor in or about 1992.

11. Deny the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12, except admit that Databit has continuously since 1992 represented to the Internal Revenue Service and state taxing authorities that Haninovich was an independent contractor and always paid Haninovich pursuant to Form 1099.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14, except admit that Databit paid for certain legal services which related to Haninovich's efforts to apply for immigration status in the United States.

15. Deny the allegations contained in paragraph 15, except admit that Databit paid certain compensation and expenses to Haninovich pursuant to IRS Form 1099 in exchange for services.

16. Deny the allegations contained in paragraph 16, except admit that in or about 1995, Haninovich originated Montefiore Medical Center as a customer account for Databit.

17. Deny the allegations contained in paragraph 17.

- 3 -

18. Deny the allegations contained in paragraph 18, except admit that Montefiore was a customer of Databit since approximately 1995 due to Haninovich's origination and servicing of the account.

19. Deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 and, on that basis, deny same.

20. Deny the allegations contained in paragraph 20, except admit that neither Databit nor Montefiore had any legal or other obligation to continue any form of business or other commercial relationship with each other.

21. Deny the allegations contained in paragraph 21.

22. The allegations of paragraph 22 purport to summarize the contents of a written document, the contents of which speak for itself and, on that basis, deny same.

23. The allegations of paragraph 23 purport to summarize the contents of a written document, the contents of which speak for itself and, on that basis, deny same.

24. Deny the allegations contained in paragraph 23, except admit that Haninovich terminated his independent contractor relationship with Databit on or about January 25, 2008.

25. Deny the allegations contained in paragraph 25, except admit that prior to January 25, 2008 Advanced sold computer goods and/or services to Montefiore and aver that neither Haninovich nor Advanced were under any restriction or limitation from conducting business with Montefiore (or any other third party).

26. Deny the allegations contained in paragraph 26.

27. The allegations of paragraph 27 purport to summarize the contents of a written document, the contents of which speak for itself and, on that basis, deny same. To the extent

paragraph 27 includes allegations beyond summarizing the contents of an e-mail, those allegations are denied.

28. The allegations of paragraph 28 purport to summarize and characterize the contents of a written document, the contents of which speak for itself and, on that basis, deny same.

29. Deny the allegations contained in paragraph 29, except admit that Kaminer resigned on or about February 1, 2008.

30. Deny the allegations contained in paragraph 30, except deny having knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations relating to the travel dates of Mr. Morgenstern and whether or when he allegedly met with legal counsel and, on that basis, those allegations are denied.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32, except admit that Haninovich returned Databit's laptop computer to Databit on or about February 1, 2008, within one week of the termination of his engagement with Databit.

33. Deny the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

**FIRST CAUSE OF ACTION**

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

- 4 -
{00090711.1 \ 1156-001}

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

## SECOND CAUSE OF ACTION

42. The responses to paragraphs 1 through 41 above are repeated and realleged.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

## THIRD CAUSE OF ACTION

45. The responses to paragraphs 1 through 44 above are repeated and realleged.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

## FOURTH CAUSE OF ACTION

50. The responses to paragraphs 1 through 49 above are repeated and realleged.

51. Deny the allegations contained in paragraph 51.

## FIFTH CAUSE OF ACTION

52. The responses to paragraphs 1 through 51 above are repeated and realleged.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54.

## AFFIRMATIVE DEFENSES

55. The complaint fails to state a claim upon which relief can be granted.

56. Databit's claims are barred by the applicable statute of limitations.

57. Databit's claims are barred by the Statute of Frauds.

{00090711.1 \ 1156-001}

58. Databit's claims are barred due to its waiver of any claims that it may have had.

59. Databit's claims are barred by the doctrine of estoppel.

60. Databit's claims are barred by the doctrine of laches.

61. Databit's claims are barred by its own unclean hands.

## **FIRST COUNTERCLAIM**

62. In or about 1995, Haninovich was engaged by Databit as an independent sales representative.

63. During his engagement with Databit, Haninovich secured many new, large accounts which eventually accounted for a majority of Databit's sales. Among the accounts which Haninovich generated was Montefiore Medical Center ("Montefiore").

64. Databit agreed to pay Haninovich a bi-weekly fee plus a commission on sales he generated.

65. By 2007, the agreement between Databit and Haninovich was that Databit would pay Haninovich a bi-weekly fee of $1,800 plus a commission equal to 17% of the gross profits realized on sales to Haninovich's accounts, including without limitation Montefiore. Databit also agreed to reimburse Haninovich for business expenses incurred in connection with his sales efforts.

66. Haninovich performed services for Databit through January 25, 2008 pursuant to and in full compliance with the agreed upon terms of his independent contractor relationship.

67. Databit's last bi-weekly payment to Haninovich was for the period ending December 31, 2007.

68. Haninovich has not been paid his bi-weekly fees for the period commencing on January 1, 2008 and ending on January 25, 2008 at the agreed upon rate of $1,800 every two

- 7 -

weeks in the total amount of $4,500 notwithstanding Haninovich's request and invoice to Databit therefore.

69. In addition, Databit has refused to pay Haninovich commissions on sales he generated and business expenses he incurred during the term of his engagement. Upon information and belief, the amount of commissions now due to Haninovich which Databit has refused to pay is approximately one hundred thirty thousand dollars ($130,000) and the amount of unpaid commissions is approximately $10,000.

70. As a result of the foregoing, Databit has breached its agreement with Haninovich, which has caused Haninovich damages in an amount to be determined at trial, but not less than $144,500.

## SECOND COUNTERCLAIM

71. Haninovich repeats the allegations set forth in paragraphs 62 through 70 above.

72. As a result of the foregoing, Databit received a benefit from Haninovich.

73. As a result of the foregoing, an injustice would result if Haninovich retained that benefit without paying Haninovich the agreed upon compensation for it.

## THIRD COUNTERCLAIM

74. Haninovich repeats the allegations set forth in paragraphs 62 through 73 above.

75. As a result of the foregoing, Haninovich is entitled to recover in *quantum meruit* the reasonable value of his services in the performance of his duties in an amount to be determined at trial but not less than $144,500.

## FOURTH COUNTERCLAIM

76. Haninovich and Advanced repeat the allegations set forth in paragraphs 62 through 75 above.

77. Prior to and after the termination of Haninovich's independent contractor relationship with Databit, he and Advanced enjoyed a business relationship with Montefiore.

78. At all relevant times, Databit knew of Haninovich's and Advanced business relationship with Montefiore, including without limitation Haninovich's and Advanced's intention to pursue the relationship by selling, among other things, computer related goods and services, following the termination of Haninovich's services for Databit.

79. Databit commenced the within action and filed an application seeking temporary and preliminary injunctive relief with malice aforethought, knowing full well that its application for injunctive relief was without any merit in either law or fact, and misused and abused the legal system to unfairly and injuriously eliminate Haninovich and Advanced from effectively competing against Databit for Montefiore's business.

80. Databit's actions interfered with Haninovich's and Advanced's business and/or property rights and caused Haninovich and Advanced damages in an amount to be determined at trial, but not less than ten million dollars ($10,000,000).

## FIFTH COUNTERCLAIM

81. Haninovich and Advanced repeat the allegations set forth in paragraphs 62 through 80 above.

82. By commencing this action, subsequently filing its application for temporary and preliminary injunctive relief, and its subsequent conduct, Databit issued process.

83. At all relevant times, Databit knew of Haninovich's and Advanced business relationship with Montefiore, including without limitation Haninovich's and Advanced's intention to pursue the relationship by selling, among other things, computer related goods and services, following the termination of his services for Databit.

84. Databit commenced the within action and filed an application seeking temporary and preliminary injunctive relief with malice aforethought, knowing full well that its application for injunctive relief was without any merit in either law or fact, and misused and abused the legal system to unfairly and injuriously eliminate Haninovich and Advanced from effectively competing against Databit for Montefiore's business.

85. In so doing, Databit intended to harm to Haninovich and Advanced without justification.

86. Databit used legal process in a perverted manner to obtain the collateral objective of preventing Haninovich and Advanced from fairly competing for Montefiore's business based on the mere pendency of the preliminary injunction motion.

87. As a result, Haninovich and Advanced suffered actual and special damages in an amount to be determined at trial, but not less than ten million dollars ($10,000,000).

WHEREFORE, defendants request judgment as follows:

    a. Dismissing the Amended Complaint in its entirety with prejudice;

    b. On the First Counterclaim, a money judgment in favor of Haninovich in an amount to be determined at trial, but not less than one hundred thirty four thousand five hundred dollars ($144,500);

    c. On the Second Counterclaim, a money judgment in favor of Haninovich in an amount to be determined at trial, but not less than one hundred thirty four thousand five hundred dollars ($144,500);

    d. On the Third Counterclaim, a money judgment in favor of Haninovich in an amount to be determined at trial, but not less than one hundred thirty four thousand five hundred dollars ($144,500);

- 10 -

  e. On the Fourth Counterclaim, a money judgment in favor of Haninovich and Advanced in an amount to be determined at trial, but not less than ten million dollars ($10,000,000);

  f. On the Fifth Counterclaim, a money judgment in favor of Haninovich and Advanced in an amount to be determined at trial , but not less than ten million dollars ($10,000,000); and

  g. Interest, costs, disbursements, attorney's fees and such other and further relief as to the Court seems just and proper.

Dated: March 19, 2008
   New York, NY

        KAPLAN & LEVENSON P.C.
        *Attorneys for Haninovich and*
         *Advanced Solutions & Supply, LLC*
        630 Third Avenue
        New York, NY 10017
        212.983.6900

        By: /s/ Steven M. Kaplan
         Steven M. Kaplan (SK 6909)